No. 32,387

MAXINE POTTER, a Minor, by MARION POTTER, Her Mother and Next Friend, *Appellee,* v. THE CITY OF COFFEYVILLE, *Appellant.*

(45 P. 2d 844)

184

Opin-
ion filed June 8, 1935.

A. A. Baker, city attorney, and Dallas Knapp, of Coffeyville, for the appellant.

A. R. Lamb and Clement A. Reed, both of Coffeyville, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Suit was brought by Maxine Potter against the city of Coffeyville, alleging that on the 19th day of October, 1934, the city maintained a waterworks system in its proprietary capacity and was receiving profits therefrom, and it was alleged that at a certain place in the city defendant placed a meter in the parkway for the purpose of registering water passing through the same; that the defendant maintained the meter in a certain tile which is located three feet north of the sidewalk and three inches west of the concrete driveway across the parkway. That on the 19th of October, 1934, the flange of the tile was then and for several months prior thereto had been broken and the same was jagged and sharp; that the cement covering did not set firmly on the same and by stepping on the slab anyone would be precipitated into the tile and against the jagged and sharp edges of the same.

Plaintiff further alleged that on the same day Maxine Potter, a junior in the high school, had occasion to pass along the sidewalk and concrete driveway in front of the property, and stepped upon the concrete lid covering the meter, and that the lid tilted and gave way, causing her to fall and strike the jagged edge of the tile, causing a serious and dangerous wound; that plaintiff was removed to the office of Dr. A. A. Krugg, where several stitches were taken and the wound was dressed, and thereafter plaintiff was confined to her bed for a period of approximately four weeks; that scar tissue formed upon her knee, causing the knee to be stiff, retarding the action of the knee, and causing an unsightly wound. Plaintiff alleged the injury was occasioned by the negligence and carelessness of the officers, agents and employees of the defendant, the city of Coffeyville, in that they permitted the cement covering for the tile to remain in a dangerous condition, and damages in the sum of $5,000 were asked for the injury.

To this a motion was filed, requiring the plaintiff to state specifically which cartilage in plaintiff's knee was severed, and if by "severed" the plaintiff meant that the same was cut in two; that plaintiff be required to state what hour of the day of October 19 the alleged accident happened; that she be required to state definitely, and with greater certainty, what occasioned plaintiff to pass along the road at that time. The motion to make more definite and certain was overruled. Then a demurrer was filed to the petition on the ground it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and error is assigned on such ruling. Plaintiff had alleged that the water meter was installed in a tile covered with a cement block, which was so constructed as to fit into a two-inch flange of the tile; that the tile was located three feet from the sidewalk and three inches from the driveway; that on the 19th day of October, 1934, it was and had been for several months prior thereto broken; and when plaintiff stepped on it it tilted and caused her to fall upon the tile and to be injured by the sharp edges thereof. That she filed her claim with the city government on November 7, 1934, a copy of which is attached to the petition. Defendant contends that because of its motion to make definite the petition was to be interpreted as pleading the admission of contributory negligence. It was a ruling on an issue to be made and supported by the evidence, and the order was not open to review until the case was finally decided. The defendant sought to make the plaintiff admit that she was guilty of contributory negligence and therefore that her petition was subject to the demurrer. Defendant seeks in this way to have an unappealable order made appealable.

When the attorney for the city filed a motion to make the petition more definite and certain he was notified of the time the motion would be heard and did not appear. These facts are shown by the journal entry denying the motion, and the motion to make more definite and certain was thus virtually abandoned, and that fact alone was sufficient to preclude the city from getting any subsequent benefit of the motion.

As the question is raised the defendant admitted at the hearing that the cause of action was properly stated in the petition, but he says that if the motion had been properly interpreted the demurrer must have been sustained by the court. By reference to an early case, *Stewart v. Balderston,* 10 Kan. 131, there is some language

used favoring the doctrine.   It was a cause of action by 670 persons assigned to plaintiff, and it was not conceded that the facts as stated by plaintiff made a cause of action, but it was said by the court that there was scarcely a fact in the whole petition that was well pleaded.   The facts in the present case were so well pleaded as to withstand the demurrer.   The defendant sought to make the plaintiff admit that she was guilty of contributory negligence, and then carry over the motion which had been overruled to the demurrer.

There is no room here for the application of the doctrine of the Balderston case.   If the facts were so pleaded that the demurrer should be overruled—that is, that the grounds stated, standing alone, stated a cause of action—it is useless to add to them facts which defendant assumed might be pleaded and thus change the cause of action and make it subject to a demurrer by alleging that it was conceded to be a case of contributory negligence.   In that case, the facts not being well pleaded, the demurrer should have been sustained.   But here the petition of plaintiff was conceded to be good, and therefore the facts were sufficient to withstand a demurrer, and hence it was properly overruled.

The judgment is affirmed.